## United States District Court
## Central District of California

**\*\*\*RE-SENTENCING PURSUANT TO 9TH CCA MANDATE\*\*\***

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   CR 05-765 GPS |
| **Defendant**   Gordon Douglas Cope, Jr. | **Social Security No.**  7  0  3  4 |
| akas: | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 09 | 13 | 2010 |

**COUNSEL**  [√] WITH COUNSEL   Christopher Dybwab, DFPD
(Name of Counsel)

**PLEA**  [√] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
18 USC § 2252(A)(a)(5)(B), Possession of Child Pornography: as charged in Count 1 of the Information.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months, on Count one of the Information.

Upon the Release from imprisonment the defendant shall be placed on supervised release for a term of **LIFE**, on count one of the indictment, under the following terms and conditions.

1. Defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318.

2. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3. Defendant shall cooperate in the collection of a DNA sample from the defendant.

4. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. Defendant shall participate in outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as instructed by Probation Officer. Defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision.

USA vs.   Gordon Douglas Cope, Jr.                                    Docket No.:   CR 05-765 GPS

6. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Officer that includes urinalysis, saliva and/or sweat patch testing for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C.§ 3672.  The defendant shall provide payment and proof of payment as directed by the probation Officer.

8. Defendant shall use only those computers and computer-related devices, screen user names, passwords emails accounts, and internet service providers (ISPs),which have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices are personal computers, personal data assistants (PDAs),internet appliances, eletronic games, and cellular telephones, and digital storage media, well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

9. All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or hardware, including unannounced seizure for the purpose of search.  The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware of software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer.  Further , the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer.

10. The defendant shall not possess or use a computer with access to any online service at any location (including his place of employment), without the prior approval of Probation Officer.  This includes access through any internet service provider, bulletin board system, or any public or private computer network system.  Defendant shall not have another individual access the internet on his behalf to obtain files or information which he has been restricted from accessing himself, or accept restricted files or information from another person.

11. Defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  Defendant shall provide proof of registration to the Probation Officer within five days of release from imprisonment /placement on probation.

12. Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 § U.S.C. 2256(8). This condition does not prohibit defendant from possessing materials that are necessary for a collateral attack on his conviction or sentence, nor does it prohibit him from possessing materials prepared for the purposes of any court-mandated sex offender treatment, when the defendant's treatment provider has approved his possession of the material in advance.

13. Defendant shall participate in a psychological/psychiatric counseling and/or a sex offender treatment

| USA vs. | Gordon Douglas Cope, Jr. | Docket No.: | CR 05-765 GPS |
|---|---|---|---|

program, which may include inpatient treatment, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program. Submission to polygraph testing, Abel testing, other physical testing, or inpatient treatment requires advance notice to defense counsel and prior court approval.

14. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating the defendant's sex offender treatment to the aftercare contractor during the period of community supervision, pursuant to 18 § U.S.C. 3672. Defendant shall provide is proof of payment, as directed by the Probation Officer.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing Judge.

The Court recommends consistent with the space and security that the Bureau of Prisons place defendant in a facility within the Central District of California.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| September 16, 2010 | _Audrey B. Collins_ |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| September 16, 2010 | By | Angela Bridges /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.  Gordon Douglas Cope, Jr.                                        Docket No.:   CR 05-765 GPS

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| | | | |
|---|---|---|---|
| USA vs. | Gordon Douglas Cope, Jr. | Docket No.: | CR 05-765 GPS |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

| USA vs. Gordon Douglas Cope, Jr. | Docket No.: CR 05-765 GPS |
|---|---|

| Date | Deputy Marshal |
|---|---|

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |
|---|---|

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

| Defendant | Date |
|---|---|

| U. S. Probation Officer/Designated Witness | Date |
|---|---|

# NOTICE PARTY SERVICE LIST

**Case No.** _____  **Case Title** _____

**Title of Document** _____

| | |
|---|---|
| ☐ | ADR |
| ☐ | BAP (Bankruptcy Appellate Panel) |
| ☐ | BOP (Bureau of Prisons) |
| ☐ | CA St Pub Defender (Calif. State PD) |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) |
| ☐ | Chief Deputy Admin |
| ☐ | Chief Deputy Ops |
| ☐ | Clerk of Court |
| ☐ | Death Penalty H/C (Law Clerks) |
| ☐ | Dep In Chg E Div |
| ☐ | Dep In Chg So Div |
| ☐ | Federal Public Defender |
| ☐ | Fiscal Section |
| ☐ | Intake Section, Criminal LA |
| ☐ | Intake Section, Criminal SA |
| ☐ | Intake Supervisor, Civil |
| ☐ | MDL Panel |
| ☐ | Ninth Circuit Court of Appeal |
| ☐ | PIA Clerk - Los Angeles (PIALA) |
| ☐ | PIA Clerk - Riverside (PIAED) |
| ☐ | PIA Clerk - Santa Ana (PIASA) |
| ☐ | PSA - Los Angeles (PSALA) |
| ☐ | PSA - Riverside (PSAED) |
| ☐ | PSA - Santa Ana (PSASA) |
| ☐ | Schnack, Randall (CJA Supervising Attorney) |
| ☐ | Statistics Clerk |

| | |
|---|---|
| ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | US Bankruptcy Court |
| ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | US Probation Office (USPO) |
| ☐ | US Trustee's Office |
| ☐ | Warden, San Quentin State Prison, CA |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

\*E-mail:

\*Fax No.:

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____